# Ward, Appellant, *v.* Still.

*Contracts—Agency.*

In an action for compensation for services alleged to have been performed by a subagent for the defendant, employed through the medium of an agent, where there is no evidence to establish the contractual relations between the plaintiff and defendant, and no evidence that the agent ever had either directly or by implication employed the plaintiff, as a representative of the defendant, the court does not err in entering judgment for defendant n. o. v.

Argued April 30, 1919. Appeal, No. 31, April T., 1919, by plaintiff, from judgment of C. P. Allegheny County, July T., 1915, No. 2122, for defendant non obstante veredicto in case of Frank B. Ward v. Carl Still. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Foreign attachment in assumpsit.

The facts appear in the following opinion of COHEN, J., sur defendant's motion for judgment n. o. v.

This was a proceeding originating in foreign attachment to recover the amount of $895.34 upon an alleged claim set forth in the plaintiff's statement as follows:

"Said defendant having retained plaintiff to act as representative in the City of Pittsburgh and other places, in efforts to secure orders and to assist defendant's representatives in securing orders for the erection of benzol plants in the Pittsburgh and Western Pennsylvania district," the services were alleged to have been rendered between the first day of April, 1914, and the 8th day of June, 1914, in prosecution of which services plaintiff says he was engaged for thirty days, claiming a compensation of twenty-five dollars a day and in addition thereto outlays for expenses amounting to $145.34.

No direct contractual relationship between the parties to this action was disclosed by the testimony; and the case was predicated almost completely upon communications between the plaintiff and a firm named Bagley, Mills & Company, who were designated by plaintiff as the agents of defendant.

There is no claim or proof on the part of the plaintiff of any direct engagement of plaintiff by the defendant. There is no evidence in the case that defendant, by his course of conduct or by the nature of his business, ever indicated that Bagley, Mills & Company had authority to employ plaintiff as a subagent of defendant. Nor is there any testimony from which any apparent authority to do such could be reasonably inferred by the jury. The scope and character of Bagley, Mills & Company's authority could by no species of reasoning be held to empower them to employ subagents for defendant. The whole question upon which the solution of the case revolves is one of apparent authority.

The extent of judicial authority and precedent has been quite liberal in according to subagents the right of recovery from principals, in cases where there was no actual, but only apparent, authority. There must be, however, some reasonable relationship between the powers of the

original agent and the subject-matter of the services of such subordinate agent so employed by direct agents. Otherwise, the reason for such would work great injustice. Surely, in trying to do justice we must not resort to reasons which have no existence in fact.

Apparent authority must be founded on the existence of such reasonable inferences as can be drawn from the several powers and actions exercised by the agent in the execution of the general business of his principal. We find in the testimony of this case no such facts as would supply any groundwork upon which apparent authority could possibly be predicated; and therefore there was nothing to submit to the jury from which they could draw the faintest inference of apparent authority on the part of Bagley, Mills & Company to engage the services of plaintiff. The very fact testified to by plaintiff, that he looked to Bagley, Mills & Company for his compensation, until he found that they were not responsible, together with the further fact that he first rendered a bill for his services to Bagley, Mills & Company, are strongly suggestive that he did not rely upon any apparent authority of Bagley, Mills & Company as agents of defendant as a basis for securing payment from defendant; but that he did the work solely on the faith that he was to be paid by Bagley, Mills & Company. Plaintiff, therefore, evidently did not rely upon the alleged agency for his payment in consideration of the said services.

The apparent authority contended for by plaintiff's counsel was not based on any evidence whatsoever that defendant knew of his engagement or ever recognized such, nor was there the least scintilla of evidence upon which the fact could possibly be implied. In the absence of these essentials, or of any action of Bagley, Mills & Company, from which a reasonable conclusion could be drawn that they had implied authority to engage his services in behalf of defendant, there is no structure upon which any hypothesis of liability could be inferred or sustained.

48, (1919).]          Opinion of Court below.

We quite agree with the learned argument of plaintiff's counsel as to the construction of the Act of 1905, P. L. 286, pertaining to judgment non obstante veredicto, discussed by Chief Justice MITCHELL in Dalmas v. Kemble, 215 Pa. 410, and which has been so frequently affirmed; but we cannot concur with him that "there was any evidence testified to at this trial as to plaintiff's contention on the subject of apparent authority, and there being none such, as we analyze the testimony, there was not and could not have been any conflict of testimony thereon, and therefore the subject of the entry of judgment non obstante veredicto is properly within the sphere of our inquiry.

In 31 Cyc. 1236, and 51 Pa. Superior Ct. 11, apparent authority is said to be such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct would naturally suppose the agent to possess. The apparent authority of an agent, which will be sufficient to bind the principal for acts done thereunder, is such authority as he appears to have by reason of actual authority which he has.

Now, in the case at bar there was no act of the principal, no conduct on his part, which would justify any belief that Bagley, Mills & Company possess the power of binding subagents. While "a principal is bound by all the acts of his agents within the scope of the authority which he held him out to the world to possess, notwithstanding the agent acted contrary to his instructions," nevertheless in this case there is no evidence that the principal, to wit, the defendant, in any way or manner held out Bagley, Mills & Company to the world as possessing any such power. Neither any act of the defendant's agents, Bagley, Mills & Company, nor their course of dealing, nor the nature of plaintiff's employment and services as given in evidence, disclose any transactions or indications upon the strength of which this verdict can be sustained, on plaintiff's theory of apparent authority. None of the numerous exhibits offered by plaintiff tend to

establish his view in this respect. We concur with the plaintiff that Bagley, Mills & Company's authority was not limited by the powers actually conferred, but also included apparent powers; but there is nothing in this case by virtue of which the principle can be applied to plaintiff's advantage. Nor are we at issue with him when he argues that it is a question of fact for the jury to determine and infer from all the facts and circumstances testified to as to whether an agent has authority to employ a subagent. But it is equally certain that where there are no applicable facts on that subject-matter, no fairly reasonable suggestions from which such can be derived, then it is beyond the domain of the jury to declare such.

While the claim embraced in the statement filed is for services "in efforts to secure orders and to assist defendant's representative in securing orders," the testimony of plaintiff was that the services rendered were "to get prices of materials for construction," and that he was in no manner instrumental in obtaining the contract from the Carnegie Steel Company, in relation to which his services were claimed to have been rendered. Not only was plaintiff not instrumental in introducing them to Carnegie Steel Company or bringing the parties of the contract together, but, as a matter of fact, defendant had been in communication and had maintained business relations with the Carnegie Steel Company for two or three years prior to the time that plaintiff claimed to have rendered his alleged services.

According to the contracts offered in evidence, existing between defendant and the firm of Bagley, Mills & Company, they were merely selling agents for defendant, for which they were to receive a certain commission; but there was absolutely no authority to enter into any contracts or engaged any subagents or to incur any liability for or on behalf of defendant. The contract expressly provided "all expenses for advertisements and further outlay for the benefit of the firm of Still are borne solely

by Bagley, with the only exception of the costs for insertions, the half of which Still accepts. Still, however, reserves the right to approve in all cases the manner and the extent of the insertions."

The only important testimony in the case was the correspondence and cablegrams between the plaintiff and the firm of Bagley, Mills & Company, with the exception of a catalogue, Exhibit No. 3, alleged to have been received by plaintiff at the office of Bagley, Mills & Company when in New York, and which purported to have been printed in Germany and having therein an advertisement of Bagley, Mills & Company as the representative of the defendant. There was no evidence that this catalogue was either printed or circulated by Still, or by or with his authority. There was also a letter, Exhibit No. 19, from Still, to the Carnegie Steel Company, dated December 21, 1914, containing an acknowledgment of the order placed by the company for the erection of a benzol plant, in which there is a reference to Bagley as agent. This letter, nevertheless, was written nearly six months after the alleged services had been rendered and was, of course, no element entering into plaintiff's belief as to the alleged agency on the part of Bagley, Mills & Company. Nor was it sufficient to support the doctrine of apparent agency in its application to this case. After the failure of plaintiff to collect the bill, as already stated, rendered by him to Bagley, Mills & Company, and the subsequent rendering of the bill to defendant, defendant in his very first communication to plaintiff, denied any liability on his part or authority on the part of Bagley, Mills & Company to contract any liability. The entire correspondence indicated that the plaintiff at no time considered that he was in the employ of defendant, but on the contrary looked to a future employment by defendant. Had the plaintiff inquired he would have discovered that there was no authority on the part of Bagley, Mills & Company, to bind the defendant. "One seeking to hold another as principal must have believed in the existence

of and relied on the authority of the agency binding him."
A. & E. Encyc. of Law, Vol. 1, page 962. That plaintiff
did not rely upon the implied agency is clear from his
own admissions. He was asked, "And didn't you rely on
your engagement through Bagley, and look to Bagley,
Mills & Company for your compensation?" "A. I did
until I found they were not responsible," thus founding
his claim upon the responsibility of Bagley, Mills & Com-
pany, which of course could not establish the liability of
defendant.

Again, the plaintiff testified that he first rendered a bill
to Bagley, Mills & Company, at the request of Mr. Bag-
ley. In Exhibit No. 13, being a letter from the plaintiff
to one Kuhn, dated October 9, 1914, he says, "However,
the time will come, and then I hope Messrs. Carl Still
will be ready for the American field, when I will be ready
to talk business with your company." In none of the let-
ters written by the plaintiff to the defendant is there any
intimation of his having been engaged by defendant or
that he had rendered any service to or on behalf of de-
fendant, for which he made any claim against the defend-
ant.

The extent of Bagley, Mills & Company's power as
agents was limited by express agreement, as shown by
the exhibits. Therefore, no inference of greater power
can be drawn therein by the jury. There is force in the
contention of plaintiff's counsel that secret agreement
between the principal and the agent cannot conclude
such agents, but nevertheless the right of a jury to imply
apparent authority cannot rest on mere shadowy and
speculative conclusions, based on conditions that have no
application to the question of apparent authority. There-
fore, the pending motion must be sustained.

Verdict for plaintiff for $1,019.06. The court subse-
quently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defend-
ant n. o. v.

48, (1919).]    Arguments—Opinion of the Court.

*William V. Swearingen,* and with him *George M. Horton,* for appellant.

*Joseph Stadtfeld,* for appellee.

PER CURIAM, July 17, 1919:

After a careful examination of this record we are satisfied that the judgment entered in the court below was fully warranted for the reasons given by the learned court in its opinion filed.

The judgment is affirmed.